## ORTEGA v. LARA.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF PORTO RICO.

No. 230.   Argued April 17, 18, 1906.—Decided May 21, 1906.

Where jurisdiction of a writ of error to review a judgment of the District Court of the United States for Porto Rico depends on amount, the judgment itself is the test and it is insufficient if for $5,000 and costs although it carries interest.

Whenever political and legislative power over territory are transferred from another nation to the United States, the laws of the country transferred, unless inconsistent with provisions of the Constitution and laws of the United States applicable thereto, continue in force until abrogated or changed by or under the authority of the United States—and this general rule of law was applied to Porto Rico by the Foraker Act of April 12, 1900, and that act also provided how such laws should be altered or repealed by the legislature of Porto Rico.

Article 44 of the Code of Porto Rico limiting recovery in cases of breach of promise to the expenses of injured party incurred by reason of the promised marriage was a law of Porto Rico and not of the United States and was subject to repeal by the legislature of Porto Rico, and, having been so repealed prior to the breach alleged in this case, a writ of error from this court cannot be maintained on the ground that the ruling of the District Court that the recovery was not limited to such expenses was a denial of a right claimed under a law of the United States.

The District Court of the United States for Porto Rico has jurisdiction when the parties on both sides are subjects of the King of Spain.

THE facts are stated in the opinion.

*Mr. George H. Lamar,* with whom *Mr. N. B. K. Pettingill* was on the brief, for plaintiff in error:

While the amount involved is not sufficient to give the court jurisdiction, there is a *bona fide* question based on the Federal law involved. Sec. 44 of the Civil Code was adopted by the Foraker Act and became in effect an act of Congress. *United States* v. *Simms,* 1 Cr. 252; *Kendall* v. *United States,* 12 Peters, 524; *McCracken* v. *Hayward,* 2 How. 608; *Glboe Refining Co.* v. *Landa Cotton Oil Co.,* 190 U. S. 540. Sec. 44 of the Civil Code was applicable to the rights of the parties under the contract sued on. The subsequent legislation could not affect the defendant's defenses. *Coghlan* v. *South Carolina,* 142 U. S. 101; *McCullough* v. *Virginia,* 172 U. S. 102; *Bronson* v. *Kinzie,* 1 How. 311; *Pritchard* v. *Norton,* 106 U. S. 124; *United States* v. *Price,* 9 How. 83; *New Orleans &c. Co.* v. *Louisiana,* 157 U. S. 219.

*Mr. Frederic D. McKenney,* with whom *Mr. John Spalding Flannery* and *Mr. T. D. Mott, Jr.,* were on the brief, for defendant in error:

This court is without jurisdiction to review the judgment. The matter in dispute, exclusive of costs, does not exceed $5,000. During the trial neither the Constitution of the United States nor a treaty thereof nor an act of Congress was brought in question and the right claimed thereunder denied.

Apart from so-called Federal questions in an action for money, the amount of the judgment against the defendant is the measure of the jurisdiction of this court, and it cannot be maintained unless the judgment exceeds $5,000. *Mayor* v. *Evans,* 97 U. S. 1. Neither interest nor costs can enter into the computation. *West. Un. Tel. Co.* v. *Rogers,* 93 U. S. 565.

Section 44 was repealed by the adoption of the new Code of Porto Rico before the breach of the alleged contract. The parties to a contract have no vested right in the existing general laws of the State which can preclude their amendment or repeal. While it is true that there may be laws which, when accepted by an individual, constitute in themselves binding

contracts which probably could not be altered by subsequent legislation, it is settled in the United States that the laws governing the institution of marriage and the dissolution of the condition are not of this class. *Maynard* v. *Hill*, 125 U. S. 190.

Changes in the laws of evidence, of perjuries and registrations, and those which concern remedies, frauds and limitations of actions, while they may affect the validity, construction or discharge of contracts, are not regarded as necessarily affecting their obligation. *Sturges* v. *Crowninshield*, 4 Wheat. 122, 200; Cooley's Constitutional Limitations, 7th ed., 406 *et seq.*

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Angela Lara brought her action against Antonio Ortega in the District Court of the United States for the District of Porto Rico to recover damages alleged to have been suffered by her by reason of his breach of promise of marriage. The date of the promise was laid as June 1, 1900, and of the breach in 1904. Both parties were subjects of Spain and residents of Porto Rico.

Defendant demurred to the complaint, and the demurrer having been overruled, pleaded the general issue. The cause was tried by a jury and resulted in a verdict for plaintiff in the sum of $5,000, interest and costs, on which judgment was entered. Defendant moved in arrest and for judgment *non obstante veredicto*, which motions were overruled, and this writ of error was thereupon allowed.

At the conclusion of the evidence defendant requested the court to instruct the jury to find in his favor, on the grounds, among others, that the court had no jurisdiction of a suit where both plaintiff and defendant were subjects of the King of Spain, and because the cause of action arose in June, 1900, "at which time there was no provision in the laws in force in Porto Rico for a suit of the character set out in plaintiff's declaration, the only basis for the said suit being the provisions of article 44 of the Civil Code then in force." Similar reasons were assigned in support of the motions in arrest and *non obstante.*

1. The judgment was for $5,000 and costs. It carried interest, but it is the amount of the judgment that furnishes the test of our jurisdiction, and it is conceded that that is insufficient in this instance. But plaintiff in error contends that the refusal of the court below to limit the right of recovery by the terms of article 44 of the former Civil Code of Porto Rico amounted to the denial of a right claimed under a statute of the United States, and that jurisdiction may be maintained on that ground. Act March 3, 1885, 23 Stat. 443, c. 355, §§ 1 and 2; act April 12, 1900, 31 Stat. 77, c. 191, § 35.

The treaty ceding Porto Rico to the United States was ratified by the Senate, February 6, 1899; Congress passed an act to carry out its obligations March 3, 1899; and the ratifications were exchanged and the treaty proclaimed April 11, 1899. Then followed the act of April 12, 1900, 31 Stat. 77, c. 191. At that date article 44 of the Civil Code of Porto Rico, relating to breaches of promise of marriage, was in force, and provided that under certain conditions " the person who refuses to marry, without just cause, shall be obliged to indemnify the other party for the expenses which he or she may have incurred by reason of the promised marriage."

By the general rule of public law, recognized by the United States, whenever political jurisdiction and legislative power over territory are transferred from one nation to another, the laws of the country transferred, intended for the protection of private rights, continue in force until abrogated or changed by the new government. Of course, in case of cession to the United States, laws of the ceded country inconsistent with the Constitution and laws of the United States so far as applicable would cease to be of obligatory force; but otherwise the municipal laws of the acquired country continue.

Nevertheless, and apparently largely out of abundant caution, the eighth section of the act of April 12, 1900, provided: "That the laws and ordinances of Porto Rico now in force shall continue in full force and effect, except as altered, amended, or modified hereinafter, or as altered or modified by military or-

ders and decrees in force when this act shall take effect, and so far as the same are not inconsistent or in conflict with the statutory laws of the United States not locally inapplicable, or the provisions hereof, until altered, amended, or repealed by the legislative authority hereinafter provided for Porto Rico or by act of Congress of the United States;  . . ."

In 1902 the legislature of Porto Rico enacted a new Civil Code, which went into effect July 1 of that year, and this repealed article 44 of the prior Civil Code, and carried forward several articles bearing upon the same subject.

It will be remembered that the alleged promise was in 1900 and the alleged breach in 1904.   And now the argument is, that by reason of § 8 of the act of April 12, 1900, commonly called the "Foraker Act," article 44 became a law of the United States by adoption, and that, therefore, the ruling of the court below that recovery was not limited to expenses was equivalent to the denial of a right claimed under a law of the United States.

We do not agree with this view.   Article 44 was a law of Porto Rico on April 12, 1900, and the operation of the Foraker Act was to define how it might be amended or repealed.

It was repealed by the Porto Rican legislature before the alleged breach of promise.   If the District Court erred in declining on any ground to apply it as a limitation, the error cannot be corrected on this appeal, because the appeal does not lie.

The alleged Federal question had no existence in substance. The laws of Porto Rico remained the laws of Porto Rico except as indicated in section 8 of the Foraker Act, which section did not make all the laws of Porto Rico acts of Congress.

We cannot perceive that "the Constitution of the United States, or a treaty thereof, or an act of Congress" was brought in question or a right claimed thereunder denied, within section 35 of the Foraker Act, or that "the validity of a treaty or statute of or an authority exercised under the United States" was drawn in question within § 2 of the act of March 3, 1885.

2. By section 3 of the act of March 2, 1901, 31 Stat. 953, c. 812, it was provided "that the jurisdiction of the District

Court of the United States for Porto Rico in civil cases shall, in addition to that conferred by the act of April twelfth, nineteen hundred, extend to and embrace controversies where the parties, or either of them, are citizens of the United States, or citizens or subjects of a foreign State or States."

The jurisdiction of the District Court,. when the parties on both sides were the subjects of the King of Spain, has several times been sustained by this court, and we do not feel required in this case to make any other ruling.

*Writ of error dismissed.*