# MARGARITA RIVERA
### v.
# MANUEL CADIERNO.

San Juan, Law, No. 432.

1. **An action for** breach of promise of marriage can be brought under § 1803 of the Civil Code of Porto Rico.
2. Laws not manifestly unconstitutional or inconsistent with our system . of government, left by Spain in Porto Rico, and not since repealed, may nevertheless not be enforceable.

Order filed May 10, 1907.

*Francis H. Dexter, Esq.,* attorney for plaintiff.

*Henry F. Hord, Esq.,* attorney for defendant.

Rodey, Judge, delivered the following opinion:

This case, in so far as this court is concerned, appears to be destined to settle the law as to one or two serious questions. Some time since, on a motion for the arrest of the defendant to force him to give bail, an elaborate hearing was had and we

took occasion to express our views upon the law of that sub·ject in Porto Rico at some length. The case is now before us on demurrer, and it appears we must settle the question whether or not a right of action for a breach of a promise of marriage exists in Porto Rico at all.

It was not apparent, from the terms of the demurrer, what the real ground of it was, but when the briefs came in, it transpired that counsel for defendant takes the position that no such cause of action is now known to the law in Porto Rico. He contends that because article 44 of the Spanish Civil Code, limiting recovery, in cases of breach of promise of marriage, to the expense of the injured party incurred by reason of the promise, has been omitted from the new Code, that the natural inference must be, as such a suit was not known at all in the American sense to the civil law, that no such cause of action now remains in Porto Rico, and intimates that such an inference can be drawn from the case of Ortega v. Lara, 202 U. S. 343, 50 L. ed. 1056, 26 Sup. Ct. Rep. 707.

He further contends that it does not come within the purview of § 1803 of the local Civil Code, which is much relied upon in damage and injury suits in this jurisdiction, providing that: "A person who, by an act or omission, causes damage to another when there is fault or negligence, shall be obliged to repair the damage so done;" because, as he contends, that section does not contemplate damages for wounded sensibilities or feelings, mental distress or suffering, and that in fact the civil law never did take cognizance of, or give a right of action for, that class of injuries. He then proceeds to quote extensively in his brief from different Spanish authors and commentators and different sections of the Spanish Code and from the decisions of their courts, and makes an extensive and most ingenious

Rivera v. Cadierno.

argument in an effort to sustain his contention that this sort of an action cannot now be maintained in Porto Rico.

It may not be out of place to intimate at this time that we have noticed a tendency on the part of counsel, because of some expressions used by the Supreme Court of the United States in cases recently decided by it holding that: "The policy of the United States, evidenced in its legislation concerning the islands cede by Spain, has been to secure to the people thereof a continuation of the laws and methods of practice and administration familiar to them, which are to be controlling until changed by law," to contend that there has been practically no change in the law since American occupation, save that of sovereignty; in other words, to minimize what might be termed American public policy, as a governing rule of action in this court.

We are not, as at present advised, prepared to subscribe as a whole to the doctrine that all the laws not strictly unconstitutional or wholly inconsistent with our system of government, left by Spain in Porto Rico, and not since repealed by Congress itself or by the local legislature, are still in force. Nor do we think that a true interpretation of the several applicable acts of Congress and decisions of the Supreme Court of the United States forces us to go to that extent.

There may be policies of Spanish and civil law so unAmerican in the sense of being contrary to our national customs and policy, and that of the several states and territories of the nation, that courts of the United States, at least, even in the absence of prohibitive legislation by Congress, would not feel authorized to enforce them. An idea of our meaning may be gathered when we point out that the Foraker act, providing a system of government for Porto Rico, by § 8 thereof, specifical-

Rivera v. Cadierno.

ly annulled a provision of existing law in Porto Rico which prevented the marriage of priests, ministers, or followers of any faith, because of vows they may have taken; and amended another provision of law so as to make the adultery of the husband just as heinous as that of the wife as a ground for divorce, which was not the case up to that time. If the laws of Porto Rico were in such condition that it could be held that a fair construction of them would deny the right to any plaintiff to bring an action for a breach of promise of marriage, and hold such an injury to be without remedy of any kind, we have grave doubt whether this court would be obliged to, or ought to, follow the local law in that regard; but we are not driven to make that holding in this case, because we believe that this cause of action comes fairly within the purview of § 1803, aforesaid. We agree with counsel for plaintiff that the leaving out of the new Code of the meagre provision which was contained in the old one, giving the woman a right of action for only the mere expense she was put to because of the promise of marriage, such as the cost of her trousseau, etc., instead of being an indication that no right of action at all remains, is an indication that the old Spanish system has been abolished *in toto,* and that the matter, like many other causes of action, is left to be redressed under the general section referred to. The island has adopted a Code of Civil Procedure from one of the American states, and the leaving out of it, or out of chapters of the old law which are still retained, of this inadequate and unAmerican provision that denies a woman a right of action for a breach of a promise of marriage, if it indicates anything, would seem to indicate that the legislature intended to adopt a new and modern code, to bring the island in line with other similar jurisdictions.

We are clearly of opinion that the law, as it exists, affords

this plaintiff a remedy. The demurrer will therefore be overruled and it is so ordered.