BUSÓ ET AL. *v.* BUSÓ ET AL.

APPEAL from the District Court of Humacao.

No. 809.—Decided November 18, 1912.

</div>

REVISED CIVIL CODE.—The Revised Civil Code went into effect on July 1, 1902, according to the certificate issued by the then Secretary of Porto Rico, Charles Hartzell, which is found at the beginning of the Revised Statutes and Codes of Porto Rico. *Estate of Morales* v. *Registrar,* 16 P. R. R., 109.

CONJUGAL PARTNERSHIP — ALIENATION AND ENCUMBRANCE OF CONJUGAL PROPERTY—CONSENT OF WIFE.—According to article 1413 of the Spanish Civil Code which was in force in Porto Rico prior to July 1, 1902, the husband could alienate or encumber the property of the conjugal partnership for valuable consideration without the consent of the wife.

CONTRACTS—ACTION FOR NULLITY OF CONTRACT—ERROR IN AREA OF PROPERTY—SALE OF REAL PROPERTY.—Sections 1373 and 1374 of the Revised Civil Code (articles 1470 and 1471 of the former Civil Code) do not give the vendor of a farm property the right to an action for the annulment of the contract for an error in the area of said property, whether the sale was made with a statement of its area at a certain price for a unit of measure or number or for a lump sum however important the error in the area may be, consequently the error alleged by the plaintiffs cannot nullify the contract in litigation.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for appellants.

*Messrs. José Tous Soto* and *Manuel Tous Soto* for respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On February 18, 1911, Francisco, Poncio, and Julio Busó Pérez filed an amended complaint in the District Court of Humacao, the first in his own right, being of lawful age, and the last two represented by said Francisco as their guardian *ad litem,* they being minors, wherein they prayed that a judg-

ment be rendered against the defendants, Francisco Busó Cabrera and the spouses, Gil Martínez Achalandavázo and Francisco Busó, annulling the contract of bargain and sale of land entered into by defendant Francisco Busó Cabrera and defendant Gil Martínez Achalandavazo on April 19, 1902, which contract was witnessed by a public deed executed in the city of Humacao on the same date.

In support of their complaint the plaintiffs allege in substance as their first cause of action the following facts:

First. That they are the legitimate children of Francisco Busó Cabrera and Isabel Pérez, who were married on December 5, 1887, the wife having died on October 16, 1902, leaving a will wherein she designated the plaintiffs as her heirs.

Second. That during said marriage Francisco Busó Cabrera acquired with funds of the conjugal partnership by purchase from his father, Francisco Busó Baster, as set forth in a public deed executed in Humacao on September 26, 1893, a farm property known as "Las Puentes," the area of which was 765 *cuerdas* and which consisted of two portions, one containing 750 *cuerdas* and the other 15 *cuerdas*. Busó Baster remained in charge of and managed the property until April, 1902, and the purchaser neglected to survey it in order to ascertain whether the area of each of the two portions into which the property was divided was more or less exact.

Third. That by a public deed of April 19, 1902, also executed in Humacao, Francisco Busó Cabrera sold the portion of 15 *cuerdas,* according to the metes and bounds set forth in the complaint, to the defendant, Gil Martínez Achalandavazo, who at the time was married to the defendant, Francisco Busó, for the fixed price of $2,600.

Fourth. That Isabel Pérez Sánchez, Busó's wife, did not intervene in nor give her consent to the sale made by Francisco Busó Cabrera to Gil Martínez on April 19, 1902. That neither did the aforesaid property figure in the settlement of the estate left by Isabel Pérez Sánchez, nor did the defendants ratify in any manner the said contract of bargain

and sale made by their father, Francisco Busó Cabrera, with Gil Martínez Achalandavazo.

As a second cause of action the plaintiffs further allege: First. That when Busó Cabrera sold the property of 15 *cuerdas* to Gil Martínez for $2,600 he was guided only by what his purchase title recited, believing in good faith that the area of the property was really 15 *cuerdas* and that the price offered and paid by the purchaser Martínez was a good one.

Second. That later the defendant Martínez caused a survey of the property to be made, when it resulted that within the boundaries stated in his deed there were 125 *cuerdas* of land, and that when Busó Cabrera acquired knowledge of this fact he informed the plaintiffs that he had given his consent to the sale under error as to the true area of the property.

To the foregoing complaint the defendants demurred, stating that the facts alleged as the first cause of action were not sufficient, first, because the contract of bargain and sale entered into between Francisco Busó Cabrera and Gil Martínez Achalandavazo was valid, according to the act of the Legislative Assembly relative to the validity of certain contracts, approved February 24, 1903, and, second, because the action to annul the contract of bargain and sale based upon the lack of capacity of the vendor had prescribed, according to the provisions of section 1268 of the Revised Civil Code, inasmuch as four years had elapsed from the time the contract was made to the day on which the complaint was filed.

In regard to the second cause of action the defendant stated the same grounds of demurrer, namely, that the facts alleged were not sufficient to constitute such cause of action, because the error concerning the area of the property was neither essential nor substantial, or because in any event the action had prescribed by operation of law under the provisions of section 1375 of the Revised Civil Code, six months having elapsed from the time the property was delivered to the day the complaint was filed.

The defendants also demurred to the first and second causes of action on the grounds that plaintiffs Poncio and Julio Busó Pérez lacked legal capacity to sue because they were minors, and it was not alleged in the complaint that their brother Francisco had been appointed their guardian *ad litem.* As to the second cause of action, they further demurred on the ground of misjoinder of actions, to wit, the action for nullity because of erroneous consent and the action accruing from error in the area of the property sold, which actions are incompatible because from the second the validity of the contract is inferred.

The District Court of Humacao rendered judgment on November 1, 1911, sustaining the demurrer on the ground of prescription without going into the merits of the other grounds of demurrer, and dismissed the complaint with costs in favor of the defendants. From this judgment counsel for the plaintiffs took an appeal to this court, which appeal is pending decision, both parties having made such allegations as they considered necessary in support of their respective rights.

Let us see whether the facts recited in the complaint constitute the cause of action for nullity claimed by the plaintiffs.

The contract of bargain and sale the annulment of which is sought was entered into on April 19, 1902, by Francisco Busó Cabrera and Gil Martínez Achalandavazo without the intervention or consent of Isabel Pérez Sánchez, the wife of the vendor, notwithstanding the fact that the property involved was considered as community property because it was acquired during the marriage with funds of the conjugal partnership. That is the fundamental ground of the first cause of action for nullity pleaded by the plaintiffs. Such cause for nullity does not lie because the contract of bargain and sale in question should be governed by the provisions of the civil code in force at the time it was made—that is to say, on April 19, 1902—at which time the Spanish Civil Code was in force and not the Revised Civil Code, for we have already stated on Feb-

ruary 24, 1910, in deciding the case of *Estate of Morales* v. *The Registrar of Property of Caguas,* 16 P. R. R., 109, that "* * * the Revised Civil Code went into effect on July 1, 1902, according to the certificate issued by the then Secretary of Porto Rico, Charles Hartzell, which certificate is found at the beginning of the Revised Statutes and Codes of Porto Rico." The Supreme Court of the United States in the case of *Ortega* v. *Lara,* 202 U. S., 343, decided May 21, 1906, also held that in 1902 the Legislature of Porto Rico enacted a new civil code, which went into effect July 1 of that year.

Under the provisions of article 1413 of the Spanish Civil Code, which is the law governing the case, the husband could alienate and encumber, for a valuable consideration, the property of the conjugal partnership without the consent of the wife, and therefore Francisco Busó Cabrera had legal capaciity to make the contract of bargain and sale, the annulment of which is sought, without the express consent of his wife, Isabel Pérez, which consent is required by section 1328 of the Revised Civil Code.

Neither would the error made by the vendor with regard to the area of the property sold, he believing in good faith that it contained only 15 *cuerdas* when it proved to contain 125 and that the sum of $2,600 offered and paid by the purchaser was a good price, be a ground for the annulment of the contract of bargain and sale entered into between Busó Cabrera and Martínez Achalandavazo on April 19, 1902, for, according to the provisions of section 1233 of the Revised Civil Code, the same as article 1266 of the old code, in order that the error may invalidate the consent, the contract becoming null owing to the lack of this essential requisite, it must refer to the substance of the thing which may be the object of the contract or to those conditions of the same which should have been principally the cause of its execution, and that is not the case here.

Section 1373 of the Civil Code in force, which is the same as 1470 of the former code, provides that if the sale of real

property should be made with a statement of its area, at the rate of a certain price for a unit of measure or number, and there is a greater area or number in the real estate than that mentioned in the contract, the vendee shall be obliged to pay the price of the excess if the greater area or number should not exceed one-twentieth of that mentioned in the contract; but should it exceed said one-twentieth, the vendee may choose between paying the greater value of the estate or withdrawing from the contract; and section 1374 of the Civil Code in force, which is the same as 1471 of the former code, provides that in the sale of real estate made for a fixed price and not at the rate of a specified sum for a unit of measure or number, the increase or decrease of the same shall not be considered, even when a greater or less area or amount than that stated in the contract may be found.

The sections above cited do not recognize in the vendor the right to an action for annulment because of an error in the area of the property sold by him, whether the sale has been made with a statement of its area at the rate of a certain price for a unit of measure or number, or for a fixed price and not at the rate of a specified sum for a unit of measure or number however important the error made in the area might be,. and, consequently, the error alleged by the plaintiffs cannot render null the contract in question.

As the facts set forth in the complaint in support of the first and second causes of action of nullity therein pleaded are not sufficient to invalidate the contract of bargain and sale entered into between Francisco Busó Cabrera and Gil Martínez Achalandavazo, it would be useless for us to review the grounds of demurrer of prescription of the action, lack of capacity of two of the plaintiffs to sue, and of misjoinder of actions.

For the reasons above stated the judgment appealed from rendered by the District Court of Humacao on November 1, 1911, should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.