## BUSÓ ET AL. *v.* BUSÓ ET AL.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 809.—Resuelto en noviembre 18, 1912.

CÓDIGO CIVIL REVISADO—FECHA EN QUE EMPEZÓ A REGIR.—El Código Civil revisado empezó a regir el 1°. de julio de 1902, según la certificación expedida por el Secretario entonces de Puerto Rico, Charles Hartzell, cuya certificación se encuentra a la cabeza de los Estatutos Revisados de Puerto Rico. (*Sucesión Morales* v. *El Registrador de la Propiedad,* 16 D. P. R., 114; *Ortega* v. *Lara,* 202 U. S., 343.)

BIENES GANANCIALES—CONSENTIMIENTO DE LA ESPOSA PARA SU ENAJENACIÓN—CÓDIGO CIVIL ESPAÑOL.—De acuerdo con el artículo 1413 del Código Civil Español vigente en Puerto Rico con anterioridad al 1°. de julio de 1902, el marido puede enajenar y obligar a título oneroso los bienes de la sociedad de gananciales sin el consentimiento de la mujer.

VENTA DE FINCA RÚSTICA—ERROR DEL VENDEDOR EN CUANTO A LA CABIDA DE LA FINCA—NULIDAD DE CONTRATOS.—Los artículos 1373 y 1374 del Código Civil revisado que son los 1470 y 1471 del antiguo, no dan acción de nulidad al vendedor de una finca rústica por error sufrido en la cabida de la misma, ya

se hubiese hecho la venta con expresión de su cabida y a razón de un precio por unidad de medida o número, o ya se hubiere hecho la venta por precio alzado y no a razón de un tanto por unidad de medida o número, por muy importante que sea el error sufrido en la cabida, y por tanto el error alegado por los demandantes con el. caso de antes, no puede viciar de nulidad el contrato en litigio.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Rafael López Landrón.*

Abogados de los apelados: *Sres. José Tous Soto y Manuel Tous Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 18 de febrero del año 1911 presentaron demanda enmendada ante la Corte de Distrito del Distrito Judicial de Humacao, Francisco, Poncio y Julio Busó Pérez, el primero por su propio derecho por ser mayor de edad, y los dos últimos representados por el Francisco, en concepto de curador *ad lítem* de los mismos, atendida su minoría de edad, con súplica de que se dictara sentencia contra los demandados que lo son Francisco Busó Cabrera y los esposos Gil Martínez Achalandavazo y Francisca Busó, declarando ser .nulo un contrato de compraventa de terrenos celebrado por el demandante Francisco Busó Cabrera y el demandado Gil Martínez Achalandavazo el 19 de abril de 1902 y consignado en escritura pública de la misma fecha otorgada en la ciudad de Humacao.

En apoyo de su demanda alegan los demandantes sustancialmente como primera causa de acción, los siguientes hechos:

Primero. Que son hijos legítimos de Francisco Busó Cabrera e Isabel Pérez, los que contrajeron matrimonio en 5 de diciembre de 1887, habiendo fallecido la esposa en 16 de octubre de 1902, bajo testamento, en el que instituyó por herederos a` los demandantes.

Segundo. Que durante dicho matrimonio, Francisco Busó Cabrera adquirió con fondos de la sociedad conyugal y por compra a su padre Francisco Busó Baster, mediante escri-

tura pública otorgada en Humacao en 26 de septiembre de 1893, una finca rústica denominada "Las Puentes," con superficie de 765 cuerdas, constituída por dos porciones, una de 750 cuerdas y otra de 15, habiendo seguido Busó Baster al frente de dicha finca y administrádola hasta el mes de abril de 1902, sin que el comprador se cuidara de mensurarla para enterarse de si la cabida de las dos porciones en que estaba distribuída era exacta más o menos.

Tercero. Que por escritura pública de 19 de abril de 1902, otorgada también en Humacao, Francisco Busó Cabrera vendió la porción de 15 cuerdas bajo colindancias que se expresan en la demanda al demandado Gil Martínez Achalandavazo, casado entonces con la demandada Francisca Busó, al precio alzado de $2,600.

Cuarto. Que en la venta hecha por Francisco Busó Cabrera a Gil Martínez en 19 de abril de 1902, no intervino la esposa Isabel Pérez Sánchez, ni prestó su consentimiento, ni la predicha finca figuró en las operaciones divisorias del caudal relicto por Isabel Pérez Sánchez, ni los demandantes han ratificado en forma alguna tal contrato de compraventa celebrado por su padre Francisco Busó Cabrera con Gil Martínez Achalandavazo.

Como segunda causa de acción alegan además los demandantes:

Primero. Que al vender Busó Cabrera la finca de 15 cuerdas por precio de $2,600, a Gil Martínez, lo hizo guiándose tan sólo por lo que rezaba el título de adquisición y creyendo de buena fe que su cabida era realmente de 15 cuerdas y que era un buen precio el ofrecido y pagado por el comprador Martínez.

Segundo. Que el demando Martínez con posterioridad hizo mensurar la finca, la que resultó tener dentro de las mismas condiciones con que la adquirió, una superficie de 125 cuerdas, y al enterarse de ello Busó Cabrera, manifestó a los demandantes que había prestado su consentimiento a

la venta con error sobre la cantidad de cuerdas de cabida de la finca.

A la anterior demanda opusieron los demandados como excepción previa, la de que los hechos alegados como primera causa de acción no la constituían, en primer lugar, porque el contrato de compraventa celebrado por Francisco Busó Cabrera con Gil Martínez Achalandavazo, era válido de acuerdo con la ley de la Asamblea Legislativa, aprobada en 24 de febrero de 1903 sobre validez de ciertos contratos, y en segundo lugar, porque la acción de nulidad de compraventa fundada en la falta de capacidad del vendedor había prescrito según el artículo 1268 del Código Civil Revisado, por haber transcurrido cuatro años desde la celebración del contrato, hasta el día de la interposición de la demanda.

En cuanto a la segunda causa de acción alegaron los demandados la misma excepción o sea la de que los hechos que la fundamentaban no determinaban tal causa de acción, ya porque el error sobre la cabida de la cosa vendida no era esencial, o sustancial, ya porque en todo caso la acción había prescrito por ministerio de la ley, con arreglo al artículo 1375 del Código Civil Revisado, por haber transcurrido seis meses desde el día de la entrega de la finca hasta la fecha de la interposición de la demanda.

También alegaron los demandados como excepción a la primera y segunda causa de acción, que los demandantes Poncio y Julio Busó Pérez carecían de capacidad legal para demandar por ser menores de edad y no alegarse en la demanda que su hermano Francisco hubiera sido nombrado guadián *ad litem* de los mismos; y en cuanto a la segunda causa de acción alegaron además, como excepción, la de acumulación indebida de acciones o sea la de nulidad por error en el consentimiento y la derivada de defectos en la cabida de la finca vendida, acciones incompatibles por suponer la segunda la validez del contrato.

·La Corte de Humacao dictó resolución en primero
de noviembre de 1911 declarando ·con lugar la excepción de
prescripción, sin que entrara a ·discutir las demás excep-
ciones propuestas, y desestimó la· demanda interpuesta con
costas a favor de los demandados, contra cuya sentencia in-
terpuso la representación de la parte demandante recurso
de apelación para ante esta Corte Suprema, pendiente de nues-
tra decisión después de haber alegado ambas partes cuanto
han estimado procedente en defensa de sus respectivos
derechos.

Veamos si los hechos expuestos en la demanda deter-
minan la acción de nulidad que se ejercita por los deman-
dantes.

El contrato de compraventa cuya nulidad se pide fué cele-
brado en 19 de abril de 1902 por Francisco Busó Cabrera y
Gil Martínez Achalandavazo, sin que interviniera en el con-
trato, prestando su consentimiento la esposa del vendedor,
Isabel Pérez Sánchez, no obstante tratarse de una finca que
se reputa bien ganancial, por haber sido adquirida durante
el matrimonio, con bienes pertenecientes a la sociedad con-
yugal. Esa es la razon fundamental de la primera causa de
acción de nulidad que ejercitan los demandantes. Tal
nulidad no existe, pues el contrato de compraventa de que
se .trata debe regularse por los preceptos del Código Civil que
regía en la fecha en que se celebró, o sea en 19 de abril de
1902, y en esa fecha regía el Código Civil Español y no el
revisado, pues ya dijimos en 24 de febrero de 1910, al resol-
ver el caso de *Sucesión Morales* v. *El Registrador de la Pro-
piedad de Caguas,* que "\* \* \* el Código Civil Revisado
comenzó a regir el 1 de julio de 1902, según la certificación
expedida por el Secretario entonces de Puerto Rico, Charles
Hartzell, cuya certificación se encuentra a la cabeza de los
Estatutos Revisados y Códigos de Puerto Rico." (16 D. P. R.,
119.) También la Corte Suprema de los Estados Unidos en el
caso de *Ortega* v. *Lara,* 202 U. S., 343, consignó que en 1902

la Legislatura de Puerto Rico adoptó un nuevo Código Civil que vino a tener efecto en 1 de julio de ese año.

Con arreglo al artículo 1413 del Código Civil Español, que es la ley del caso, el marido podrá enajenar y obligar a título oneroso los bienes de la sociedad de gananciales sin el consentimiento de la mujer, y por tanto Francisco Busó Cabrera tenía capacidad legal para celebrar el contrato de compraventa de cuya nulidad se trata, sin necesitar para ello el consentimiento expreso de su esposa Isabel Pérez exigido por el artículo 1328 del Código revisado.

Y tampoco determina la nulidad del contrato de compraventa celebrado en 19 de abril de 1902 por Busó Cabrera y Martínez Achalandavazo, el error sufrido por el vendedor en la cabida de la finca vendida, creyendo de buena fe que esa cabida era de 15 cuerdas, cuando resultó ser de 125, y que también era un buen precio la suma de $2,600 ofrecida y pagada por el comprador, pues según el artículo 1233 del Código Civil Revisado, igual al 1266 del antiguo, para que el error invalide el consentimiento, dejando por tanto de existir el contrato por falta de ese requisito esencial, aquél deberá recaer sobre la sustancia de la cosa que fuere objeto del contrato, o sobre aquellas condiciones de la misma que principalmente hubieren dado motivo a celebrarlo, lo que no ha ocurrido en el presente caso.

El Código Civil vigente, en su artículo 1373, que es el 1470 del anterior, establece, que cuando la venta de bienes inmuebles se hubiese hecho con expresión de su cabida a razón de un precio por unidad de medida o número y resultare mayor cabida o número en el inmueble, que los expresados en el contrato, el comprador tendrá la obligación de pagar el exceso de precio si la mayor cabida o número no pasa de la vigésima parte de los señalados en el  mismo contrato, pudiendo el comprador en caso de exceso, optar entre satisfacer el mayor valor del inmueble o desistir del contrato; y el artículo 1374 del Código Civil vigente, que es el 1471 del

antiguo, prescribe, que en la venta de un inmueble hecha por precio alzado y no a razón de un tanto por unidad de medida o número, no tendrá lugar el aumento o disminución del mismo, aunque resulte mayor o menor cabida o número de los expresados en el contrato.

Los artículos que se dejan citados no reconocen acción de nulidad al vendedor por error sufrido en la cabida de una finca que ha vendido, ya se hubiese hecho la venta con expresión de su cabida a razón de un precio por unidad de medida o número, ya se hubiere hecho la venta por precio alzado y no a razón de un tanto por unidad de medida o número, por muy importante que sea el error sufrido en la cabida, y en su consecuencia el error alegado por los demandantes no puede viciar de nulidad el contrato de que se trata.

Como los hechos expuestos en la demanda para fundamentar la primera y segunda causa de acción de nulidad que en la misma se ejercita, no determinan la nulidad del contrato de compraventa celebrado por Francisco Busó Cabrera y Gil Martínez Achalandavazo, consideramos ocioso entrar en el examen de las demás excepciones de prescripción de la acción, de falta de capacidad para demandar en dos de los demandantes, y de indebida acumulación de acciones.

Por las razones expuestas debe confirmarse la sentencia apelada que dictó la Corte de Distrito de Humacao en 1 de noviembre de 1911.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.