## RUBY v. UNITED STATES.
### No. 6140.

Circuit Court of Appeals, Sixth Circuit.

Nov. 11, 1932.

Patrick H. O'Brien, of Detroit, Mich. (Edward N. Barnard and Charles A. Hills, both of Detroit, Mich., on the brief), for appellant.

William G. Comb, of Detroit, Mich. (Gregory H. Frederick, of Detroit, Mich., on the brief), for the United States.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

Appellant was found guilty of having violated section 52 (b) of title 11, U. S. C. (11 USCA § 52 (b), by concealing from Powers, trustee in bankruptcy of the estate of James Schussler, individually and as a copartner in the firm of James Schussler & Co., the interest or equity of the bankrupt, James Schussler, in certain real estate sit-

uated on the northeast corner of Holbrook and Delmar streets in Detroit.

■ Appellant made no formal motion for a directed verdict, but presented requests for instructions which we regard as equivalent thereto, and we proceed then to the cardinal question, whether there was substantial evidence to support the conviction.

On March 5, 1924, Samuel and Anna Neisenbaum, husband and wife, sold the Holbrook-Delmar property to Ben and Rose Mertz, husband and wife, upon a "land contract." The contract was prepared by appellant, an attorney, who represented the Neisenbaums and also the Mertzes, who made payments thereon for about ten months, and then sold their equity to James Schussler for $3,500, payable in installments. James Schussler purchased this Delmar equity upon the suggestion of appellant, who soon thereafter himself acquired from Schussler a one-half interest therein. Schussler and appellant discharged their obligation to the Mertzes. They also made payments to the Neisenbaums upon the balance due to them. Sometimes these payments were made out of funds advanced by Schussler or by appellant, and sometimes out of the rents of the property which were collected by appellant through a rental agency conducted in connection with his law office.

The formal contract between the Mertzes and Schussler, as well as the written contract between Schussler and appellant for one-half interest, together with all accounts, records, and instruments dealing with the Delmar equity, were kept by appellant in his office.

On May 15, 1928, an involuntary petition in bankruptcy was filed against the partnership, James Schussler & Co., and the individual copartners. Adjudication followed on June 27, and on July 19 L. E. Powers was elected trustee for the partnership and for the individual partners. About two months prior to the adjudication it became apparent that James Schussler & Co. was approaching bankruptcy, and Schussler consulted appellant, who was an attorney for the company as well as his own attorney, touching the situation. Schussler testified that he talked with appellant regarding the Delmar equity. His testimony continued as follows:

"Mr. Ruby said he can save that for me. He asked me if I have a brother and I says I have. He says, 'What is your brother's name?' and I told him 'Harry Schussler.' 'Where does he reside?' I told him, 'In New

York.' Well, he says, 'Then I will fix it up so when you are through you will have a piece of property.'

"Q. When you are through what? A. Through with this bankruptcy proceeding.

"Q. When you are through with this bankruptcy proceeding you will have a 'piece of property? A. Yes. That was the first time that I ever mentioned any of my brothers' names to Joseph Ruby. There was no other occurrence that I would need to. That was when Mr. Ruby asked me the name. That was, I should imagine, about two or three months, two months before bankruptcy.

"Q. And did he ever tell you how he was going to take care of this property and save it for you? A. Well, he was going to put it on my brother's name.

"Q. Your brother's name. Did you buy this property for your brother or for yourself? A. I bought it for myself. At the time I bought this particular piece of property I had other property in my own name."

He further testified that he had neither seen nor corresponded with his brother for four or five years before he bought the Delmar equity, and that he and appellant owned the property at the time of bankruptcy.

Because of default in payments due at first from the Mertzes and later from Schussler and appellant, successive suits were brought by the Neisenbaums, the original vendors, for restitution of the property, but in every case before possession was awarded the amounts due would be paid and the suits terminated. The sixth of such suits was instituted on August 18, 1930. Appellant was a party defendant thereto, and testified that he held an assignment of the Delmar equity to himself and *Harry* Schussler, dated December 22, 1925. He assumed to quote from said assignment as follows: " '* * * In consideration of one dollar and other valuable considerations to us in hand paid by Joseph L. Ruby and Harry Schussler. We hereby sell, assign and transfer unto them all rights, title and interest in and to the within contract and in and to the advantages to be derived.' Signed Ben Mertz and Rose Mertz." He further testified that a duplicate of this assignment was given to Neisenbaum. Upon the other hand, the Mertzes both testified that they never executed any such assignment. Samuel Neisenbaum and Ben Mertz testified that they had never heard of Harry Schussler. Samuel Neisenbaum further testified that he never

saw such an assignment, and that appellant never told him of its existence. The evidence is conclusive that, during all the time that appellant was trying to retain this property for Schussler himself, he knew that Schussler & Co. had been adjudicated a bankrupt, that Powers had qualified as trustee, and that Schussler never at any time had disclosed to the trustee his interest in the Delmar equity.

We cannot say that this testimony was insufficient to support the verdict. If believed by the jury, it leads to one conclusion only, to wit, that, in anticipation of bankruptcy, Schussler and appellant prearranged the concealment of Schussler's equity in the Holbrook-Delmar property, and that, after bankruptcy, appellant aided and abetted in the continuance of its concealment from the trustee. The jury was therefore justified in concluding that appellant was as guilty as the bankrupt himself, for the law (section 550 of title 18, U. S. Code [18 USCA § 550] Criminal Code, § 332) provides that "Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal." And there was at least substantial evidence that the appellant had "counseled" the very concealment of which the bankrupt was subsequently guilty. See, also, Reinstein v. U. S., 282 F. 214 (C. C. A. 2); Kaufman v. U. S., 212 F. 613, Ann. Cas. 1916C, 466 (C. C. A. 2); U. S. v. Young & Holland Co., 170 F. 110, 113 (C. C.); Barron v. U. S., 5 F.(2d) 799, 802 (C. C. A. 1).

It is urged that the court erred in declining to instruct the jury, as requested, to return a verdict of not guilty because appellant's case rested upon the unsupported testimony of Schussler. The proposition is without merit. It is contrary to the evidence and against the law.

As above indicated, the evidence of Schussler had support in many particulars in the testimony of the Mertzes and Neisenbaum as well as in the record of the testimony of appellant himself, in the sixth Neisenbaum Case. But, the evidence aside, there is nothing which forbids a conviction in a federal court upon the uncorroborated testimony of an accomplice if the jury believes it. Caminetti v. U. S., 242 U. S. 470, 495, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Richardson v. U. S., 181 F. 1, 9 (C. C. A. 3).

The court committed no reversible error in declining to instruct the jury in the language of appellant's request upon how they should regard the testimony of an accomplice. The court fairly instructed the jury upon that subject in the general charge.

Other matters complained of were unexcepted to in the court below.

Affirmed.