## NIBBELINK v. UNITED STATES.
### No. 6711.

Circuit Court of Appeals, Sixth Circuit.
Dec. 7, 1934.

Dean S. Face, of Grand Rapids, Mich., for appellant.

T. B. Doyle, of Grand Rapids, Mich. (Joseph M. Donnelly, of Grand Rapids, Mich., on the brief), for the United States.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

In a former trial in the District Court the appellant was convicted under separate counts of an indictment of (1) the offense of counterfeiting national bank notes; (2) the possession of copper plates designed for printing such notes; (3) conspiracy to counterfeit obligations of the United States. Upon another count of the indictment charging the possession of counterfeit notes, the appellant was acquitted.

The judgment in that case was reversed and the case remanded for new trial by this

court in Nibbelink v. United States, 66 F. (2d) 178, upon the ground that prejudicial error was committed at the trial in the admission of a declaration made by one Fred Scott, alleged to be a co-conspirator in the counterfeiting. The declaration of Scott was omitted at the second trial. Neither the Government nor the appellant subpœnaed Scott as a witness. Upon the second trial the District Court took from the jury the count charging conspiracy to counterfeit, and submitted the case upon two counts of the indictment only, namely, (1) that charging the appellant, together with Fred Scott, Ralph Van Staveren and Ed Van Staveren with counterfeiting, and (2) that charging the appellant, together with Fred Scott, Ralph Van Staveren and Ed Van Staveren with the unlawful possession of copper plates designed for printing counterfeit notes. The appellant was convicted upon both counts.

The court instructed the jury in substance that the appellant could not be convicted under either count of the indictment unless the jury was convinced beyond a reasonable doubt that he had aided and abetted in the crimes charged. Appellant's main contention is that there is no substantial evidence to justify submitting to the jury the questions as to whether he knowingly aided and abetted the Van Staverens and Scott in counterfeiting or in the possession of copper plates designed for counterfeiting.

With this contention we disagree.

The two Van Staverens had pleaded guilty to all four counts of the indictment. It is conceded by appellant that Scott took an active part with the Van Staverens in carrying out the counterfeiting scheme. The present record shows that appellant had long been acquainted with Scott and his family. He allowed Scott, during the time covered by the indictment and previously, to use part of a vacant apartment and garage belonging to appellant "for a rest room." In this apartment Scott kept a hand-press or book-press, which was used in the printing of spurious United States bank notes from plates made by Ralph Van Staveren, by the photoengraving process. Later another and larger press was secured. At Scott's request, appellant went with Scott to plan for the moving of this press from appellant's garage to Scott's home in the country. Appellant was a physician. He helped the movers, Maske and Weber, who testified at the trial, to load the press, and went with Scott to the latter's home where he helped to unload the press and to place it in Scott's garage. Subsequently this press, which was later used in the printing of a large number of counterfeit notes, was placed in Scott's basement. The outside door which gave access to this basement was a side door leading from the driveway on the north side of the house. Appellant was seen at this house not only by both of the Van Staverens, each of whom testified at the second trial, but also by one Mrs. Gertrude Foster, and by one Albert Veenstra. Veenstra saw the appellant come out of the house with Scott and Ralph Van Staveren. Mrs. Foster stated that she saw appellant enter Scott's home by the side door. Nibbelink admitted these visits to the house and explained them on the ground that Scott was making collections for him.

Each of the Van Staverens stated that during this period appellant visited the basement, coming down with Scott when the Van Staverens were engaged in making counterfeit bills. No surprise nor objection was voiced at his visit. A general discussion took place among all four of the men, Scott, the two Van Staverens and Nibbelink, as to the need of changing the color of the bills. In the course of this talk appellant compared the counterfeit bills with genuine bills which he had upon his person. In his presence the color of the ink was changed. 1145 of these spurious United States bank notes were printed. Some of them were found on the premises belonging to appellant, used by Scott, and the plates were found secreted between the rafters and the shingles of the garage. Some of these notes differed in color from the others. Nibbelink denied making this visit to the basement, denied seeing any counterfeit notes or having knowledge of the counterfeiting, but admitted helping to move the press and visiting the Scott home frequently after the press was moved, at about the time charged. This evidence was sufficient to submit the case to the jury upon counts one and two of the indictment. A reasonable inference that Nibbelink knowingly participated with Scott and the Van Staverens in the counterfeiting and in possessing copper plates for counterfeiting might well arise from his presence and actions in the basement at such time.

In view of Nibbelink's helping to move the press, a reasonable inference might well be drawn by the jury that he knew of the purpose for which the press was designed.

It is contended that the appellant has been found guilty upon the testimony of accomplices. Testimony of an accomplice need not be corroborated to support a conviction. United States v. Woods, 66 F.(2d)

262 (C. C. A. 2); Caminetti v. United States, 242 U. S. 470, at page 495, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Wagman v. United States, 269 F. 568, 571, 572 (C. C. A. 6); Betz v. United States, 2 F.(2d) 552, 554 (C. C. A. 6); Ruby v. United States, 61 F.(2d) 617, 618 (C. C. A. 6). However, the testimony given by the Van Staverens was corroborated in material parts by Veenstra and Mrs. Foster, and by the admissions of appellant. While there was an attempt to impeach the testimony of Veenstra, his statement was in turn corroborated by that of Mrs. Foster.

We find no reversible error in the charge of the court as given, nor in the refusal of the requests to charge.

The judgment is affirmed.