## ARTHUR C. HARVEY CO. v. MALLEY et al., FORMER COLLECTORS.

No. 537.   Argued February 16, 17, 1933.—Decided March 13, 1933.

*Mr. O. Walker Taylor* for petitioner.

*Mr. Paul D. Miller,* with whom *Solicitor General Thacher, Assistant Attorney General Youngquist,* and *Messrs. Sewall Key, Francis H. Horan,* and *Henry C. Clark* were on the brief, for respondents.

*Mr. Daniel Austin Shirk,* by leave of Court, filed a brief as *amicus curiae.*

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Petitioner sued respondents in the United States District Court for Massachusetts to recover alleged overpayment of taxes. After waiver of trial by jury, the judge heard the cause upon the pleadings and evidence and gave judgment for the respondents. The reasons therefor were stated in an opinion dealing generally with the issues of law and fact. The Circuit Court of Appeals affirmed this judgment and undertook to support its action by an opinion. 60 F. (2d) 97. A duly authenticated bill of exceptions setting forth the evidence and the proceedings at the trial is in the record; also, appropriate assignments of

error. No assignment makes substantial claim of error based upon the pleadings alone.

The Circuit Court of Appeals rightly found—

" There was a waiver of a jury trial and the case was heard by the judge without a jury. A request for findings of fact and rulings of law was made by the plaintiff, but no special findings were made nor were the requested rulings of law either made or refused, nor were any exceptions to a refusal to rule as requested ' taken in the course of the trial.' So far as any rulings of law were made ' in the course of the trial,' with one exception they were in favor of the plaintiff, and though an exception was allowed in this instance, it is not relied upon in the assignments of error. . . . The findings of fact are general, and no rulings of the court were excepted to ' during the course of the trial,' which are relied on. Exceptions, following an order of judgment, to alleged rulings in a written opinion of the judge assigning reasons for ordering a judgment for either party, are not rulings in the course of the trial. . . . Each of the assignments of error in this case relates either to matters of fact or to conclusions of law embodied in the opinion. These are not open to review, as there were no special findings of fact and no exceptions to rulings on matters of law were taken during the course of the trial and duly preserved by a bill of exceptions, and no questions of law favorable to the plaintiff are raised on the pleadings."

Notwithstanding the condition of the record, the appellate court proceeded to discuss sundry questions beyond the pleadings, not pertinent because not properly raised, and decided them against the petitioner. The challenged judgment was rightly affirmed; but this should have been done upon the ground that the assignments of error presented for consideration no substantial question of law or fact.

The Revised Statutes, as amended, provide—

" Sec. 649. Issues of fact in civil cases in any circuit [district] court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury.". (U. S. C., Title 28, § 773.)

" Sec. 700. When an issue of fact in any civil cause in a circuit [district] court is tried and determined by the court without the intervention of a jury, according to section six hundred and forty-nine, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court [Circuit Court of Appeals] upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment." (U. S. C., Title 28, § 875.)

In *Fleischmann Co.* v. *United States*, 270 U. S. 349, 355, 356, 357, this Court construed and applied the above sections, and the doctrine there approved is decisive of the present cause. Through Mr. Justice Sanford, we said—

" The opinion of the trial judge, dealing generally with the issues of law and fact and giving the reasons for his conclusion, is not a special finding of facts within the meaning of the statute. . . . And it is settled by repeated decisions, that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions, as required by the statute. . . . To obtain a review by an appellate court of the conclusions of law a party must either obtain from the

trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them. . . .

" These rules necessarily exclude from our consideration all the questions presented by the assignment of errors except those arising on the pleadings. All the others relate either to matters of fact or to conclusions of law embodied in the general finding. These are not open to review, as there were no special findings of fact and no exceptions to the rulings on matters of law were taken during the progress of the trial or duly preserved by a bill of exceptions. The defendants offered no exceptions to the rulings of the court until after the writ of error had issued, transferring jurisdiction of the case to the Court of Appeals. And the recitals in the subsequent ' bills of exceptions ' that the exceptions, then for the first time presented, were to be taken as made before the entry of the judgment are nugatory. A bill of exceptions is not valid as to any matter which was not excepted to at the trial. . . . And it cannot incorporate into the record *nunc pro tunc* as of the time when an exception should have been taken, one which in fact was not then taken.

" The statute, however, relates only to those rulings of law which are made in the course of the trial, and by its terms has no application to the preliminary rulings of the District Judge made, in the exercise of his general authority, before the issues are submitted to him for hearing under the statutory stipulation. Such rulings on the pleadings and the sufficiency of the complaint are therefore subject to review as in any other case, independently of the statute."

And see *Wilson* v. *Merchants' Loan & Trust Co.,* 183 U. S. 121, 127; *Martinton* v. *Fairbanks,* 112 U. S. 670.

As the assignments of error presented no substantial point based upon the pleadings, and the discussion of the court related to points not properly before it, affirmance

of the judgment by us does not indicate approval of what was said in respect of those points.

*Affirmed.*