## JONES et al. v. GILL et al.
### No. 9703.

Circuit Court of Appeals, Eighth Circuit.

July 27, 1933.

R. R. Brewster, Jr., of Kansas City, Mo. (R. R. Brewster and William B. Bostian, both of Kansas City, Mo., on the brief), for appellants.

Samuel D. Newkirk, of Kansas City, Mo. (Charles M. Blackmar, of Kansas City, Mo., R. G. Kern, of Mt. Sterling, Ky., and Meservey, Michaels, Blackmar, Newkirk & Eager, of Kansas City, Mo., on the brief), for appellees.

Before KENYON and GARDNER, Circuit Judges, and DEWEY, District Judge.

DEWEY, District Judge.

This is an action at law by certain devisees under the last will and testament of one James H. Jones to determine the title to certain real estate located in Platte county, Mo. They claim the title in fee simple. The defendant Junie E. Jones, appellant here, alleged and claimed that she was the lawful owner of the title in fee simple to the lands. The court in a carefully prepared and considered opinion made certain findings of fact and conclusions of law finding for the plaintiffs.

We are first confronted with the question whether the assignments of error made by appellants can be considered from the record as preserved and presented.

This being an action at law tried by the court without a jury, the findings of the court upon the facts have the same effect as the verdict of a jury. Section 773, Title 28, U. S. C. (28 USCA § 773). Certain assignments of error are based upon the alleged error of the court in its several findings of fact and conclusions of law and in entering judgment.

No requests for findings of fact or declarations of law are found in the bill of exceptions.

However, in the memorandum opinion of the court is this statement:

"The defendants have asked for certain findings of fact and declarations of law. To the extent facts have not been found and declarations of law have not been given as so requested (the requested findings and declarations are incorporated herein by reference), the defendants are allowed exceptions.

"Objections to evidence made by the defendants at the trial and not then ruled on are overruled, and defendants are allowed exceptions.

"Counsel for plaintiffs will prepare and submit an appropriate judgment entry."

Appellants at the time of the submission of the case to this court filed a motion for a writ of certiorari to the clerk of the United States District Court of the Western District of Missouri commanding him to transmit to this court the written request for declarations of law and findings of fact filed by the defendants in said United States District Court in the above-entitled case. Accompanying this motion for writ of certiorari are affidavits to the effect that the attorneys for appellants searched the records on several occasions for a written request to the court for findings of fact and declarations of law made by the defendants, but were unable to find them until on Friday, May 12, 1933, when they were discovered in the office of the clerk among the papers in the case but without a filing mark thereon.

This unfortunate circumstance of the attorneys being unable to find the papers was caused by the death of the principal attorney who handled the presentation of the case in the lower court.

■■ It has been held by this court that the trial court alone can settle a bill of exceptions. Also, that even the trial court has no jurisdiction to settle a bill of exceptions after expiration of the judgment term and any extensions thereof. These rules also apply to amendments to a bill of exceptions. Bennett v. Riverland Co. (8 C. C. A.) 15 F.(2d) 491.

The bill of exceptions herein was prepared by appellants, approved by counsel for both parties, and settled and signed and made a part of the record on February 27, 1933.

The trial court extended the time for filing the bill of exceptions from time to time; the last order extending the time from January 30, 1933, to the 1st day of March, 1933. The term during which the judgment was entered and the motion for new trial denied had expired before this motion was filed, as had also the time for filing such bill of exceptions as extended by the trial court. A writ of certiorari would be ineffective, and the motion therefore was denied.

■ We cannot consider assignments of error based upon requested findings of fact and conclusions of law that are not within the bill of exceptions. This court in the case of Gerlach v. Chicago, R. I. & Pac. Ry. Co., 65 F.(2d) 862, 863, decided at the present term, has recently had occasion to pass upon the law governing its right to review a final judgment where there were no requested findings of fact or conclusions of law. In that case it is said:

"Neither is plaintiff entitled to a review of the court's findings and conclusions because he did not present to the trial court any request for special findings of fact or conclusions of law, and no demurrer challenging the sufficiency or lack of the evidence. Such being the state of the record, no question of fact or law is presented for review because 'the finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury.' * * *

"In this condition of the record the only inquiry open to this court is whether or not the judgment is sustained by the pleadings, findings, and conclusions. Their sufficiency for that purpose is not challenged, and could not be, as they are abundantly sufficient to sustain the judgment entered." And see Harvey Co. v. Malley, 288 U. S. 415, 53 S. Ct. 426, 77 L. Ed. 866.

There was a motion for a new trial, which was overruled, as follows: "Defendant's motion for a new trial having been duly considered, and the court being fully advised in the premises, is by the Court overruled. It is so ordered. Exception allowed defendants."

The judgment entry was filed February 3, 1932, without any exceptions preserved to the defendants, and there was no exception to the memorandum decision of the trial court except as above noted.

No assignments of error are made as to any rulings of the court as to the introduction of evidence.

■ The record does not disclose that at the close of all the evidence the defendants made any motion with reference to the sufficiency

of the evidence or otherwise, and there is therefore no order of the court upon which the assignments of error may be predicated that "there is no evidence to sustain the verdict and judgment of the court," and "the court erred in refusing to direct a verdict for defendants as requested."

There is an assignment of error and an exception noted to the order of the court in overruling a motion for a new trial. Motions for new trials are entertained, although tried by the court without the intervention of a jury. But it is within the sound discretion of such court to grant or deny such a new trial, and, in the absence of a plain abuse of such discretion, its action is not subject to review by the appellate court. Newcomb v. Wood, 97 U. S. 581, 24 L. Ed. 1085; Wulfsohn v. Russo-Asiatic Bank (C. C. A.) 11 F.(2d) 715, 718.

The record as presented by the bill of exceptions does not present any ruling of the court which under the law may be here reviewed. The judgment of the trial court must be, and is, affirmed.