## KRUMM v. SOUTHWEST FINANCE CO. OF CALIFORNIA.

### No. 6986.

Circuit Court of Appeals, Ninth Circuit.

Sept. 15, 1933.

Hiram E. Casey and Horace W. Danforth, both of Los Angeles, Cal., for appellant.

Henry M. Lee, of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

Defendant appeals from a judgment recovered by plaintiff in an action for the contract price of goods purchased under a conditional sale agreement. By stipulation, the case was tried by the court without a jury.

The court made special findings of fact. The errors assigned relate principally to the sufficiency of the evidence to support the findings; it is not and could not be claimed that the findings do not support the judgment.

In the preamble to the special findings and conclusions of law, made and entered over two months after the trial, is the bare recital that during the progress of the trial a motion for nonsuit had been made by defendant and had been denied. Nowhere in the record is there such a motion or any motion for a declaration of law in his favor or its equivalent.

Furthermore it does not appear that the recited motion for nonsuit was based on the insufficiency of the evidence to support a finding or judgment for plaintiff or that it was made at the conclusion of all the evidence or that defendant excepted to its denial by the court.

In these circumstances, the finding for appellee cannot be attacked on the ground of the insufficiency of the evidence to sustain it. Edwards v. Robinson, 8 F.(2d) 726 (C. C. A. 9th, 1925); Babbitt Bros. Trading Co. v. New Home Sewing Machine Co., 62 F.(2d)

530, at page 536 (C. C. A. 9th, 1932); Denver Live Stock Comm. Co. v. Lee, 20 F.(2d) 531 (C. C. A. 8th, 1928); Arthur C. Harvey Co. v. Malley, 288 U. S. 415, 53 S. Ct. 426, 77 L. Ed. 866 (1933). While the point has not been argued or briefed by appellee, the court of its own motion must take notice thereof.

The only other questions raised relate to five exceptions taken to the trial court's rulings on exclusion and admission of evidence.

■ Exception 1. Among the goods purchased by appellant under the sales contract were three trucks. As a defense, appellant pleaded nondelivery. On cross-examination, appellee's president was asked whether he notified the California department of motor vehicles of the transfer of interest in the trucks showing that appellant had an interest therein. Appellee's objection to this question as irrelevant was sustained. Appellant urges that the evidence sought was relevant, on the ground that the vendor's failure to give notice would constitute a violation of state motor vehicle law thereby making the delivery invalid. Statutory provisions relied on are set out in the margin.[1]

Argument on appeal reveals that the purpose of the question was solely to show that appellee failed to discharge a statutory duty to give the notice of transfer. But it is clear that appellee had no such duty. The duty, created by subdivision (b) of section 45, is imposed, not on the transferor, but on the transferee. The answer sought was obviously irrelevant.

■ Exceptions 2, 4, and 5. Prior to the execution of the contract in suit, the chattels sold had been held by one Hunt as vendee under conditional sale contracts owned by appellee. Hunt defaulted in payments and appellee re-

possessed the property. Before repossession, petition in bankruptcy was filed against Hunt, but no adjudication was as yet had. The exceptions here in question concern exclusion of evidence relating to (1) appellee's knowledge of the pendency of bankruptcy and (2) steps taken in the bankruptcy court with respect to the goods. Plainly this line of inquiry, the purpose of which was to impeach the validity of the repossession, could have adduced no relevant facts. That a petition in bankruptcy had been filed prior to adjudication did not affect the otherwise valid repossession. Creditors of the bankrupt were not prejudiced. The bankrupt's equity was in fact valueless; there was thus no possibility of prejudice. Appellee's knowledge of the pending bankruptcy and the steps it took or failed to take in the bankruptcy court to assure its right to property which it had already effectively perfected could have no bearing on the issues here involved.

■ Exception 3. On direct examination, appellee's president was asked whether title to the property purchased by appellant had ever been placed in Hunt's name. The court overruled appellant's objection that the question called for a conclusion and that the answer would not be the best evidence. While this is included in the errors listed in appellant's brief, the matter is not argued therein. The error if any in the ruling cannot be deemed prejudicial.

While, in view of the admonition of the Supreme Court in Arthur C. Harvey Co. v. Malley, 288 U. S. 415, 53 S. Ct. 426, 77 L. Ed. 866 (1933), any discussion of the merits of the case is precluded, we do not deem it improper to add that the evidence fully sustains the findings and judgment.

At the trial, appellant contended that any judgment against him should be reduced by $2,576, the purchase price of certain fertilizer sold to appellee by the Krumm Manufacturing Company under an arrangement whereby sums due for such fertilizer were to be credited on the sales contract and appellant was to arrange for releases therefor to appellee from the manufacturing company. The trial court denied the claim. Appellee, however, offers to credit this sum on the total amount due in this action, if appellant will file a proper release therefor executed by the Krumm Manufacturing Company.

Pursuant to this offer, due credit will be given on the judgment, which is affirmed, provided the release is filed with the clerk of this court within twenty days.

---

[1] 2 General Laws California (Deering 1931) title 379, Act 5128, page 2465:

"§ 45. Transfer of title or interest. (a) Upon a transfer of the title or interest * * * in or to a vehicle, * * * the person * * * whose * * * interest is to be transferred and the transferee shall write their signatures with pen and ink upon the certificate of ownership issued for such vehicle, together with the address of the transferee, in the appropriate spaces provided upon the reverse of said certificate.

"(b) Within ten days thereafter, the transferee shall forward both the certificate of ownership so indorsed and the certificate of registration to the division, which shall file the same upon receipt thereof. * * *

"(e) Until said division shall have issued said new certificate of registration and certificate of ownership, * * * delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose."