## HUSSEY–HOBBS TIE CO. v. LOUISVILLE & N. R. CO.

### No. 9781.

Circuit Court of Appeals, Eighth Circuit.
Jan. 26, 1934.

Edward A. Haid, of St. Louis, Mo. (Walter R. Mayne and Fordyce, White, Mayne & Williams, all of St. Louis, Mo., on the brief), for appellant.

H. R. Small, of St. Louis, Mo., for appellee.

Before GARDNER, WOODROUGH, and BOOTH, Circuit Judges.

GARDNER, Circuit Judge.

Appellant, as plaintiff below, brought this action at law against appellee to recover cer-

tain freight charges collected by appellee from appellant, which were alleged to be in excess of those provided in the published tariffs of appellee.

For convenience the parties will be referred to as they appeared in the lower court.

The shipments involved consisted of wooden cross railroad ties, and were transported from various points on the line of defendant in the state of Florida over a connecting carrier to other points in the state of Florida. On stipulation of the parties the action was tried to the court without a jury. The issue turned largely on the question of the proper construction to be given the applicable tariff. The court determined the issue in favor of the defendant and entered judgment that plaintiff take nothing by its action. From the judgment so entered, plaintiff has appealed.

There are no assignments challenging the correctness of any ruling of the court on the admissibility of evidence. They all go to the alleged error of the court in awarding judgment in favor of the defendant.

At the very threshold of the controversy we are met with the contention that there were no errors in the trial of this action which this court can review because plaintiff failed to make any request for findings or declarations of law in its favor prior to the entry of judgment. Judgment was entered September 30, 1932. The appeal was perfected December 20, 1932. On May 15, 1933, after the entry of judgment and after the appeal had been perfected, and after the term at which the cause was tried and judgment entered had expired, plaintiff filed three requested declarations of law as follows: (1) That this court has jurisdiction of the parties and of the subject-matter; (2) that plaintiff had been overcharged by defendant in each of said 207 shipments set out in the amended petition; (3) that plaintiff is entitled to recover of and from defendant the amounts claimed by plaintiff in the 207 counts of its amended petition. The court, by indorsement, indicated its approval of request No. 1, and by like indorsement denied Nos. 2 and 3. No exception was taken to the refusal of these declarations of law.

In an action at law tried to the court, without a jury, on stipulation of the parties, the decision of the court has the same effect as the verdict of a jury, and, like a jury's verdict, can be assailed in this court only on the ground that it is not sustained by substantial evidence. But, to entitle appellant to have the evidence reviewed in this court for the purpose of determining whether or not the decision of the trial court is sustained by substantial evidence, he must have made timely requests for declarations of law and judgment in his favor. If this has not been done, this court is as powerless to consider the question of the sufficiency of the evidence as it is in an action tried to a jury in which the appellant has not moved for a directed verdict. Mansfield Hardwood Lumber Co. v. Horton (C. C. A. 8) 32 F.(2d) 851; United States v. Federal Commerce Trust Co. (C. C. A. 8) 64 F.(2d) 679; Wourdack v. Becker (C. C. A. 8) 55 F.(2d) 840; Palmer v. Aeolian Co. (C. C. A. 8) 46 F.(2d) 746; Home Building & Savings Ass'n v. New Amsterdam Casualty Co. (C. C. A. 8) 45 F.(2d) 989; Quality Realty Co. v. Wabash Ry. Co. (C. C. A. 8) 50 F.(2d) 1051; Fleischmann Construction Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Harvey Co. v. Malley et al., 288 U. S. 415, 53 S. Ct. 426, 77 L. Ed. 866; Gerlach v. Chicago, R. I. & P. Ry. Co. (C. C. A. 8) 65 F.(2d) 862; Cronkleton v. Hall (C. C. A. 8) 66 F.(2d) 384.

Under the repeated decisions of this court there is clearly nothing presented by the record in the instant case, and the judgment appealed from is affirmed.