## LYLE v. PHILLIPS PETROLEUM CO.
### No. 9887.
Circuit Court of Appeals, Eighth Circuit.
July 19, 1934.

Roy S. Sigler and E. L. Westbrooke, both of Jonesboro, Ark., for appellant.

R. H. Hudson, of Washington, D. C. (Basil Baker, of Jonesboro, Ark., Cecil L. Hunt, of St. Louis, Mo., and R. B. F. Hummer, of Oklahoma City, Okl., on the brief), for appellee.

Before SANBORN and BOOTH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge.

The appellant brought suit against the appellee alleging a breach of written contracts, and also claiming damages because of an alleged conspiracy between the appellee and others, in violation of the acts of Congress relating to monopolies and combinations in restraint of trade. 15 U. S. Code, §§ 1–32 (15 USCA §§ 1–32).

The appellee's answer denied that there had been any breach of a contract or the existence of any unlawful conspiracy, and set forth a counterclaim against the appellant. The appellant denied generally the allegations of the counterclaim.

The case was tried to the court in pursuance of a stipulation of the parties by which a trial by a jury was waived. At the close of the evidence offered on behalf of the appellant, the court made a general finding against the appellant upon the issues of law and fact, and entered a judgment against the appellant upon the counterclaim. There is only one assignment of error. It alleges that the court erred in holding that the appellant's evidence was not sufficient to justify a finding and judgment against the appellee and in entering a finding and judgment against the appellant. The argument made is that the evidence required a judgment in favor of appellant.

 The record does not disclose that the appellant made any request for any finding of facts, or for any declaration of law, or that he moved for a judgment in his favor, or took any equivalent step. The judgment entry recites as follows: "To all findings of the Court and rendition of the judgment thereon plaintiff objected and saved his exceptions." The

348

method of procuring a review by the appellate court of the question whether there is any substantial evidence to support a finding and judgment of the trial court, in a case where a trial by jury has been waived pursuant to Revised Statutes, §§ 649, 700 (28 U. S. Code, §§ 773, 875 [28 USCA §§ 773, 875]), has very often been defined by decisions of the Supreme Court and of this court. The rule was stated in Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60, 63, as follows: "When an action at law is tried without a jury by a federal court, and it makes a general finding, or a special finding of facts, the act of Congress forbids a reversal by the appellate court of that finding, or the judgment thereon, 'for any error of fact' (Revised Statutes, § 1011 [U. S. Comp. Stat. 1913, § 1672, p. 700 (28 USCA § 879)]), and a finding of fact contrary to the weight of the evidence is an error of fact. The question of law whether or not there was any substantial evidence to sustain any such finding is reviewable, as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken which fairly presents that question to the trial court and secures its ruling thereon during the trial."

In Federal Intermediate Credit Bank v. L'Herisson (C.C.A.) 33 F.(2d) 841, 843, the rule was stated in this form: "If a party seeks to have reviewed the question whether the record contains any substantial evidence to support the findings and judgment against him, it is incumbent upon him to make a motion for judgment in his favor on that ground, or to request a declaration of law to that effect, or to take some other equivalent step, and secure a ruling by the trial court, and to take exception to such ruling."

█ A multitude of cases embody the same principle. Eastman Kodak Co. v. Gray (May 21, 1934) 54 S. Ct. 722, 78 L. Ed. 1291; Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Mercantile Mut. Insurance Co. v. Folsom, 18 Wall. 237, 248, 21 L. Ed. 827; Cooper v. Omohundro, 19 Wall. 65, 69, 22 L. Ed. 47; Boardman v. Toffey, 117 U. S. 271, 272, 6 S. Ct. 734, 29 L. Ed. 898; Law v. United States, 266 U. S. 494, 496, 45 S. Ct. 175, 69 L. Ed. 401; Fleischmann Co. v. United States, 270 U. S. 349, 355, 46 S. Ct. 284, 70 L. Ed. 624; Harvey v. Malley, 288 U. S. 415, 418, 53 S. Ct. 426, 77 L. Ed. 866; Mason v. United States (C. C. A.) 219 F. 547, 548; Stoffregen v. Moore (C. C. A.) 271 F. 680, 681; Hirning v. Live Stock Nat. Bank (C. C. A.) 1 F.(2d) 307, 310; Buechle v. Montgomery (C. C. A.)

45 F.(2d) 987, 988. The exception noted by the appellant to the finding and judgment was ineffective, and the appellant's question of the sufficiency of the evidence was not presented to the trial court, so that there is nothing for this court to review. The appellant seeks to avoid the application of the rule in this case upon the principle announced in Meyer & Chapman State Bank v. First National Bank of Cody (C. C. A.) 248 F. 679. In that case, the judge announced his decision unexpectedly, without any motion by either party, or opportunity for a motion or request, and the case was regarded as an exceptional one.

There is nothing in the record to suggest that there was any unusually sudden termination of this case, or that there was a lack of opportunity to present a proper request to the court. The record shows that the plaintiff produced his evidence, and that at its conclusion the court found the issues of fact and law against the plaintiff, upon the motion of the defendant. The plaintiff evidently had the same opportunity that the defendant had of addressing a proper motion or request, presenting to the trial court the question of the sufficiency of the evidence. Northern Pacific Ry. Co. v. Standard Coal Co. (C. C. A.) 23 F.(2d) 656, 657. The judgment of the trial court will be affirmed.