## SCHOOL DIST. OF LEPANTO OF POIN-SETT COUNTY, ARK., et al. v. FIRST DETROIT CO.
### No. 9846.

Circuit Court of Appeals, Eighth Circuit.

Aug. 13, 1934.

John S. Mosby, of Lepanto, Ark. (Lucien E. Coleman, of Lepanto, Ark., on the brief), for appellants.

Charles Frierson, Jr., of Jonesboro, Ark. (Charles D. Frierson, of Jonesboro, Ark., on the brief), for appellee.

Before SANBORN and WOODROUGH, Circuit Judges, and DEWEY, District Judge.

DEWEY, District Judge.

This is an action at law to recover the principal and interest alleged to be due on bonds issued by appellant School District of Lepanto of Poinsett County, Ark. The plaintiff in the original action was the First Detroit Company, Trustee, a corporation organized under the laws of Michigan, and jurisdiction is invoked on the grounds of diversity of citizenship. The face value of the bonds sued upon is $3,000, and the interest due to May 1, 1933, with the face value of the bonds, aggregated $5,650.56. The original answer of the defendants contains specific denials of the facts alleged and affirmatively states that any indebtedness due has been paid in full. Later an amendment to this answer alleged that the bonds were illegally issued and not an indebtedness of the School District of Lepanto.

The case was tried on May 4, 1933, on its merits to the court without the intervention of a jury under a stipulation, as follows: "The above matter coming on to be heard, it is agreed and stipulated by counsel that the cause may proceed to trial before the court sitting without a jury."

At the close of the evidence is this record:

"Whereupon, defendants rest relying upon the law from here on out.

"Plaintiffs rest.

"Whereupon, the cause was argued to the court * * * on behalf of the plaintiff and * * * of the defendant.

"Whereupon, the court found the issue in favor of the plaintiff.

"Mr. Mosby: Save our exceptions to the holding of the court and the entry of the judgment against the defendant."

On the same date, May 4, 1933, the court made an order and judgment finding generally that the issues of law and fact were in favor of the plaintiff and against the defendants and rendered its verdict and judgment accordingly. No exception was taken to this judgment and order of the court.

The assignments of error relied upon by appellants are as follows:

"1. The court erred in overruling the defendants' motion for a continuance of the cause.

"2. The court erred in holding the defendants liable on the principal and interest of the bonds and coupons sued on in this cause and set out in the complaint, the bonds being numbered 25, 26, 27, 28, 29 and 30, dated November 15, 1912, each in the principal sum of Five Hundred Dollars, ($500.00), together with interest coupons and interest thereon in the aggregate sum of Five Thousand Six Hundred Fifty and 56/100 Dollars ($5,650.56).

"3. The court erred in holding that the President and Secretary of said defendant School District were with authority to issue and negotiate said bonds and make a mortgage securing their payment.

"4. The court erred in holding that said bonds were not void but were valid and that the directors were not without authority to issue and negotiate said bonds and to make a mortgage securing same by failure to have a majority vote election as provided and required by law by the holders of real prop-

erty in said School District to determine whether or not the bonds in question should be issued and sold and the property in said School District charged with a lien to secure the payment thereof.

"5. The court erred in holding that the said board of directors did not act without authority having been vested in them to issue and negotiate said bonds and to execute the mortgage in question securing the payment thereof and that said bonds and coupons with said mortgage were not void.

"6. The court erred in holding that there was a quorum present at the meeting of the said Board of Directors and that the actions of those present were valid and binding upon the taxpayers and patrons of the district aforesaid."

Under the above record we are confronted with the question whether this court has appellate jurisdiction to review the assignments of error. The first error assigned as to overruling a motion for continuance is not argued nor here relied upon.

 The general finding of the court upon the facts has the same effect as the verdict of a jury. Section 649, Rev. St., as amended by Act May 29, 1930 (46 Stat. 486), section 773, title 28, U. S. C. (28 USCA § 773).

This being a law action, this court cannot try the case de novo, and a statute, section 700, R. S. (section 875, title 28, U. S. C. [28 USCA § 875]), expressly limits a review of assignments of error where "an issue of fact in any civil cause in a district court is tried and determined by the court without the intervention of a jury," to "rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions."

It is the practice of attorneys desiring to preserve a record for review by the appellate court to present a request for findings of fact and conclusions of law based thereon to the trial court so that if overruled there may be a ruling of the court during the progress of the trial that may be reviewed. No such request was here made and no special findings of fact were made by the court upon which conclusions of law thereon might be here challenged.

The provisions of section 649 (as amended by Act May 29, 1930, 46 Stat. 486) and section 700 of the Revised Statutes (sections 773 and 875, title 28, U. S. C. [28 USCA §§ 773, 875]), have been so recently construed and applied to situations similar to the case here presented that further

comment is unnecessary. Harvey Co. v. Malley, 288 U. S. 415, 53 S. Ct. 426, 77 L. Ed. 866; Gerlach v. Chicago, R. Island & P. R. R. (C. C. A.) 65 F.(2d) 862; Jones v. Gill (C. C. A.) 67 F.(2d) 159; Becker v. Evens & Howard Sewer Pipe Co. (C. C. A.) 70 F.(2d) 596.

As the errors relied upon were not raised in the court below they cannot be here considered, as clearly shown by these cases.

The judgment is affirmed.