## WRIGHT v. UNITED STATES.
### No. 1077.

Circuit Court of Appeals, Tenth Circuit.
Feb. 2, 1935.

E. A. Blythe, of Hugo, Okl., for appellant.

W. F. Rampendahl, of Muskogee, Okl. (Will G. Beardslee, Wilbur C. Pickett, and Thomas E. Walsh, all of Washington, D. C., and Philas S. Jones, of Muskogee, Okl., on the brief), for the United States.

Before LEWIS and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

J. Sidney Wright, an incompetent person, by his guardian, J. H. Wright, brought this suit in the court below to recover war risk insurance in the sum of $5,000 granted him while in the naval service of the United States during the World War, pursuant to the Act of Congress of October 6, 1917 (40 Stat. 398). This insurance lapsed on the 2d day of June, 1919, including the grace period, for nonpayment of monthly premiums unless the assured prior to that date had become totally and permanently disabled within the meaning of the total and permanent disability clause of the said act. On written stipulation the case was tried by the court without a jury. At the close of the evidence both the plaintiff and the defendant the United States in effect moved for a declaration of law in his or its favor. The case was taken under advisement by the trial court. Some months later the court granted the motion of the United States and denied the motion of the plaintiff, appellant here. Thereafter a bill of exceptions detailing the evidence was settled and signed by the trial court and the case appealed to this court. In the certificate to the bill of exceptions the trial judge certified, among other things, that the bill contained "all exceptions saved or allowed on the trial of said cause." The bill contains no exception by appellant to the granting of the motion of the United States for a declaration of law in its favor, nor any exception to the denial of appellant's motion for a declaration of law in his favor, nor to any finding of fact or conclusion of law. In fact the bill of exceptions does not show a single exception by appellant. The trial court made certain special findings of fact and also the following general finding: "That the veteran, J. Sidney Wright, was not at any time during the life of the insurance policy sued upon herein and for a year after June 2, 1919, permanently and totally disabled and precluded during said time from following continuously a gainful occupation, and that he was not, while engaged in the Military or Naval Service of the defendant, or at any time during the life of said insurance policy sued upon, or for one year after June 2, 1919, afflicted with the disease of dementia

praecox or any other ailment or wound or disease so as to permanently and totally disable him, and that the plaintiff has failed to sustain the burden placed upon him, and I therefore find the issues in this action in favor of the defendant and against the plaintiff and that plaintiff is not entitled to recover in this case," and gave judgment in favor of the United States. There is a recital contained in the judgment that: "To all of which findings of fact, conclusions of law and judgment herein the plaintiff excepts and exceptions are by the court allowed." Appellant upon his appeal filed assignments of error based upon alleged errors in the findings of fact, conclusions of law and judgment, and upon the overruling and denial of his motion for a declaration of law in his favor.

In his brief appellant particularly points out and attacks three of the special findings of the trial court which were specified as erroneous in ·the assignments of error and argues that they and each of them are without support in the evidence. That on this record he may not do. In the case of Davis v. United States, 67 F.(2d) 737, 738, this court, in discussing special findings, said:

"A special finding in a jury-waived case becomes a part of the record the same as a special verdict, and the question of its sufficiency to support the judgment arises without contemporaneous objection or exception. Therefore no bill of exceptions is requisite to present it. * * *

"But the sufficiency of the evidence to support the findings must be appropriately raised by motion for judgment, request for declaration of law, or other like motion. * * * Such a motion or request, and the ruling thereon, are not a part of the record proper, and must be presented by a proper bill of exceptions. * * *"

In this case the special findings support the judgment.

Under the heading "Judgment should have been for the plaintiff. There is no substantial evidence to support judgment for defendant," appellant in his brief argues the case generally in support of that specification in the assignment of errors which reads: "That the court erred in denying the motion of said J. Sidney Wright made at the close of all the evidence in the case for findings of fact and judgment thereon for the plaintiff over plaintiff's exceptions." This specification sets out the mo-

tion which we are treating as a motion for a declaration of law in his favor. As already stated, the bill of exceptions fails to show that the motion was denied "over the exceptions of said plaintiff" as alleged in the specification.

Section 875, title 28 USCA, provides: "When an issue of fact in any civil cause in a district court is tried and determined by the court without the intervention of a jury, according to section 773 of this title, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

Section 773, referred to in the section above quoted as amended, now reads as follows: "Issues of fact in civil cases in any district court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, agree to waive a jury by a stipulation in writing filed with the clerk or by an oral stipulation made in open court and entered in the record. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

Prior to the Act of March 3, 1865, 13 Stat. 501, a case at law submitted to the trial. judge without a jury could not be reviewed by the appellate court. For a discussion of this question, see Flanders v. Tweed, 9 Wall. 425, 19 L. Ed. 678, and the cases therein cited.

In Fleischmann Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 287, 70 L. Ed. 624, the Supreme Court of the United States, after giving a history of the case, said:

"The defendants, without having excepted to any of the rulings or conclusions of the court or requested any special findings of fact, sued out, in September, a writ of error from the Circuit Court of Appeals. * * *

"The assignment of errors challenges the affirmance of the judgment because of the action of the District Court * * * in making various other 'holdings' and 'findings' in reference to matters of law and fact. * * *

"Section 700 of the Revised Statutes * * *—re-enacting a like provision in the

Act of March 3, 1865, c. 86—provides that when an issue of fact in a civil cause is tried and determined by the court without the intervention of a jury, according to section 649, 'the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed' upon writ of error; 'and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment.'

" * * * And it is settled by repeated decisions, that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions, as required by the statute. * *. * To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them. * * * That is, as was said in Humphreys v. Third National Bank, supra, 855 [75 F. 852] (21 C. C. A. [538] 542), 'he should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and if he wishes to except to the conclusions of law drawn by the court from the facts found he should have them separately stated and excepted to. In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits.' "

The Supreme Court of the United States in the recent case of Harvey Co. v. Malley, 288 U. S. 415, 53 S. Ct. 426, 77 L. Ed. 866, re-affirmed the rule laid down in the Fleischmann Case, and in this case the Supreme Court said:

"Petitioner sued respondents in the United States District Court for Massachusetts to recover alleged overpayment of taxes. After waiver of trial by jury, the judge heard the cause upon the pleadings and evidence, and gave judgment for the respondents. The reasons therefor were stated in an opinion dealing generally with the issues of law and fact. The Circuit Court of Appeals affirmed this judgment, and un-dertook to support its action by an opinion (60 F.(2d) 97, 98). A duly authenticated bill of exceptions setting forth the evidence and the proceedings at the trial is in the record; also appropriate assignments of error. No assignment makes substantial claim of error based upon the pleadings alone.

"The Circuit Court of Appeals rightly found:

"'There was a waiver of a jury trial, and the case was heard by the judge without a jury. A request for findings of fact and rulings of law was made by the plaintiff, but no special findings were made nor were the requested rulings of law either made or refused, nor were any exceptions to a refusal to rule as requested taken "in the course of the trial." So far as any rulings of law were made "in the course of the trial," with one exception, they were in favor of the plaintiff, and, though an exception was allowed in this instance, it is not relied upon in the assignments of error. * * * The findings of fact are general, and no rulings of the court were excepted to "during the course of the trial," which are relied on. Exceptions, following an order of judgment, to alleged rulings in a written opinion of the judge assigning reasons for ordering a judgment for either party, are not rulings in the course of the trial. * * * Each of the assignments of error in this case relates either to matters of fact or to conclusions of law embodied in the opinion. These are not open to review, as there were no special findings of fact and no exceptions to rulings on matters of law were taken during the course of the trial and duly preserved by a bill of exceptions, and no questions of law favorable to the plaintiff are raised on the pleadings.'

"Notwithstanding the condition of the record, the appellate court proceeded to discuss sundry questions beyond the pleadings, not pertinent because not properly raised, and decided them against the petitioner. The challenged judgment was rightly affirmed, but this should have been done upon the ground that the assignments of error presented for consideration no substantial question of law or fact."

As in that case, so in this, the assignments of error present for consideration no substantial question of law or fact.

The judgment must therefore be affirmed, and it is so ordered.