## UNITED STATES v. BOSTON & M. R. R.
### No. 3107.

Circuit Court of Appeals, First Circuit.
June 2, 1936.

Charles A. Rome, Asst. U. S. Atty., of Boston, Mass. (Francis J. W. Ford, U. S. Atty., of Boston, Mass., on the brief), for appellant.

Richard W. Hall, of Boston, Mass., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an action at law brought by the United States against the Boston & Maine Railroad in the District Court for Massachusetts to recover certain penalties prescribed by section 3 of the Act of June 29, 1906 (chapter 3594, 34 Stat. 607), due to the defendant's alleged violations of section 1 of the act (sections 71, 73, title 45 U. S.C.A.).

These sections read as follows:

"Sec. 1. * * * No railroad * * * whose road forms any part of a line of road over which cattle, sheep, swine, or other animals shall be conveyed from one State or Territory or the District of Columbia into or through another State or Territory *· * * shall confine the same in cars * * * for a period longer than twenty-eight consecutive hours without unloading the same in a humane manner, into properly equipped pens for rest, water, and feeding, for a period of at least five consecutive hours, unless prevented by storm or by other accidental or unavoidable causes which can not be anticipated or avoided by the exercise of due diligence and foresight: Provided, That upon the written request of the owner or person in custody of that particular shipment, * * the time of confinement may be extended to thirty-six hours."

"Sec. 3. * * * Any railroad * * * who knowingly and willfully fails to comply with the provisions of the * * * preceding sections shall for every such failure be liable for and forfeit and pay a penalty of not less than $100 nor more than $500."

The declaration contains two counts, each charging a violation of section 1 with respect to a distinct and separate carload of sheep shipped from Cleveland, Ohio, to Boston, which, after rest and feeding at East Buffalo, N. Y., were reloaded on the evening of October 11, 1930, and thereafter received by the defendant at Mechanicville, N. Y., and delivered to the consignee at Somerville, Mass., on the morning of October 13, 1930, without having been unloaded in the meantime. The owners had requested in writing that the time of confinement be extended to 36 hours. The cars arrived at the consignee's siding for delivery before the expiration of the 36 hours, but, owing to the siding being full, they were not delivered by setting them upon the siding until shortly after the expiration of the 36 hours.

In the first count the charge is that the defendant "did knowingly and wilfully confine said sheep in the aforesaid railroad car for a period of more than 36 consecutive hours, to wit, for 39 hours and 20 minutes, without unloading said sheep for any period of rest, water and feeding," and that the "defendant was not prevented from unloading said sheep by storm or other accidental or unavoidable causes which could not have been anticipated or avoided by the exercise of due diligence and foresight." The same allegations were made in the second count with respect to the other car, except that the time of confinement alleged was 39 hours and 10 minutes.

Trial by jury having been duly waived, the case was submitted to the court on an agreed statement of facts, without either party having moved for judgment or requested rulings of law or findings of fact. The court found for the defendant, stating that the facts stipulated "did not establish a wilful disregard of the statute"—the ultimate fact—and ordered that judgment be entered for the defendant. The plaintiff excepted, and, judgment having been entered accordingly, took this appeal.

The plaintiff seems to think that the agreed statement of facts contains all the facts essential to a judgment either for or against it. In this it is mistaken. The agreed facts omitted a fact necessary to the determination of the rights of the parties by the court. This court has recently said:

"If an agreed statement of facts * * leaves any fact, which is necessary to establish the rights of the parties, to be determined by the court * * * from inferences to be drawn from admitted facts, * * * no issue of law is raised on such an imperfect statement. * * * The final conclusion of the trial court *in such case*

would not be reviewable in the appellate courts either on a writ of error or on appeal upon exceptions to the judgment." (Italics supplied.) United States v. Smith (C.C.A.) 39 F.(2d) 851, 854. See, also, Sanfeliz v. Bank (C.C.A.) 74 F.(2d) 338, 340.

▮ Although, according to the agreed facts, the defendant knew, or ought to have known, that its conduct might result in violations of the statute, the agreed facts did not include a finding of the ultimate fact essential to the imposition of a penalty, viz., that the acts complained of were willful violations of the statute. Whether the defendant's conduct was willful or not was for the trial court to determine as an inference of fact from the agreed facts; they being all the evidence in the case from which the conclusion could be drawn. Rule 49 of the District Court for Massachusetts provides:

"In all cases submitted to the court upon agreed facts, or upon agreements or stipulations as to facts, testimony, or evidence, it shall be assumed, in the absence of express agreement to the contrary, that the court is given power to draw inferences of fact from the facts, testimony, or evidence agreed or stipulated."

The case of Philadelphia & R. Ry. Co. v. United States (C.C.A.) 247 F. 466, relied on by the plaintiff, does hold otherwise. There the District Court found from the undisputed facts that the violation was willful, and the Circuit Court of Appeals for the Third Circuit simply decided that there was evidence to support that finding. In another case (United States v. Philadelphia & R. Ry. Co., 247 F. 469), the same court held that only one conclusion could be drawn from the undisputed facts, viz., that the violation of the statute was willful. These cases do not support the plaintiff's contention that the agreed facts contain all the facts essential to a judgment and that whether judgment should be entered for one party or the other is a question of law.

▮ When the agreed facts contain all the facts *essential* to a judgment for one party or the other, then an appeal from such a judgment raises the question whether the facts agreed upon were sufficient to support the judgment; and this is so irrespective of whether an exception was taken to the judgment or not, for, in such case, the error, if one exists, appears upon the record proper and no exception is necessary. Sanfeliz v. Bank (C.C.A.) 74 F.(2d) 338, 340. But in this case the facts agreed upon do not contain all the facts essential to a judgment, and a finding of an ultimate fact one way or the other was required for its justification. This being so, an exception to the judgment on · the ground that the agreed facts presented only a question of law could avail nothing, as the agreed facts alone do not require a verdict either way. United States v. Smith, supra.

The judgment of the District Court is affirmed.

MORTON, Circuit Judge.

I concur, but I think that the statement of the rule in the opinion is too artificial. The practice in the Third Circuit as shown by P. & R. Ry. Co. v. United States, 247 F. 466 and Philadelphia & R. Ry. Co. v. U.S., 247 F. 469, seems to me much better. Confusing and unnecessary refinements in practice which serve no useful purpose ought to be avoided, especially when they rest on such doubtful foundations and involve such possibilities of absurdity as the present rule. See Universal Oil Products Co. v. Skelly Oil Co. (D.C.) 12 F.(2d) 271, 272. Inferences of fact drawn by a trial judge in actions at law heard jury-waived and submitted wholly or partly on agreed facts under rule 49 of the District Court stand, I think, on the same footing as other findings of fact by him or by a jury. Many findings of fact are inferential in character, which means only that the facts explicitly established, when viewed in the light of common knowledge and experience, show that other facts did or did not exist. Such inferred facts are, in effect, "stated" as much as the sum of given figures which are to be added together. So here, if from the facts before the trial judge no reasonable inference could be drawn except that the statute had been knowingly and willfully violated, I think his failure or refusal to draw that inference—or recognize that fact—would be an error of law, as was held in United States v. Phila. & R. Ry. Co., 247 F. 469 (C.C.A. 3). In that case the facts were *"undisputed."* Here they are *"agreed."* I do not think that the shadowy distinction between these two words is a sufficient reason for treating the cases differently on appeal.

In the present case it seems to me that the facts stated do not compel a finding that the violation of the statute was knowing and willful. I therefore concur in the result.