### REAL ESTATE–LAND TITLE & TRUST CO. et al. v. TOWN OF FAIRFAX, OKL.

#### No. 1359.

Circuit Court of Appeals, Tenth Circuit.
June 30, 1936.

Harris L. Danner and G. A. Paul, both of Oklahoma City, Okl. (John H. Shirk and Charles E. Earnheart, both of Oklahoma City, Okl., on the brief), for appellants.

Henry G. Snyder, of Oklahoma City, Okl. (Walter L. Gray and D. E. Foley, both of Fairfax, Okl., H. R. Duncan and H. W. Conyers, both of Tulsa, Okl. and W. A. Lybrand, of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PER CURIAM.

This is an action at law to recover $19,-500 upon improvement bonds. Plaintiff alleged that the town, through its clerk and the county treasurer, collected from the taxpayers in the benefit district sufficient money to pay plaintiff's bonds, but on demand refused to pay them. The town generally denied, and specifically denied it had collected any moneys; alleged that if any

676

moneys had been collected, they were collected by agencies over which the town had no control and turned over to the town treasurer as agent of the bondholders; that if the treasurer failed to pay plaintiff, it was due to plaintiff's laches and neglect. A reply put the affirmative allegations of the answer in issue, and further alleged estoppel.

Upon the issues so joined a trial was had before the court without a jury. A stipulation of evidentiary facts was introduced, together with other documentary evidence. No request for any ruling of any kind was made during the course of the trial; no ruling of any kind was made; and the bill of exceptions, of course, discloses none. There were no special findings.

There is nothing before this court for review. Section 700 of the Revised Statutes, 28 U.S.C.A. § 875, confines jurisdiction of this court on appeal in jury-waived cases within narrow bounds. It provides:

"The rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed * * * upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

The opinion of the trial court is not a special finding within the meaning of this statute. Fleischmann Co. v. United States, 270 U.S. 349, 46 S.Ct. 284, 70 L.Ed. 624; Harvey Co. v. Malley, 288 U.S. 415, 53 S. Ct. 426, 77 L.Ed. 866. In the absence of special findings or exceptions to rulings of the court in the progress of the trial, only rulings on pleadings and their sufficiency are open to review. See cases cited, supra, and from our own court, Wright v. United States, 75 F.(2d) 358; Davis v. United States, 67 F.(2d) 737; Greenway v. United States, 67 F.(2d) 738; McLeod v. United States, 67 F.(2d) 740; Kolton v. United States, 67 F.(2d) 741; Kansas City Life Ins. Co. v. Shirk, 50 F.(2d) 1046; Hendrie v. Turpen, 50 F.(2d) 1049; White v. United States, 48 F.(2d) 178; Gawf v. United States, 48 F.(2d) 182.

There were no rulings on the pleadings prior to trial. Clearly plaintiff is not entitled to judgment on the pleadings, for the answer puts in issue the plaintiff's ownership of bonds and that defendant had collected moneys and not properly applied them. Whether the evidence conclusively proved these allegations put in issue by the answer is not open to our examination in the absence of an appropriate request of the trial court at the trial so to rule, his refusal, and an exception to the ruling, all of which must appear in the bill of exceptions.

The record disclosing no reviewable error, the judgment is affirmed.